Matter of Bencivengo v Bencivengo (2026 NY Slip Op 01507)

Matter of Bencivengo v Bencivengo

2026 NY Slip Op 01507

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-10158
 (Docket No. O-8213-22)

[*1]In the Matter of Tara Bencivengo, etc., respondent,
vCharles Bencivengo, appellant.

William David Eddy, Jr., White Plains, NY, for appellant.
Maria Joy Frank, Yorktown Heights, NY, for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Charles Bencivengo appeals from an order of fact-finding and disposition of the Family Court, Westchester County (Arlene A. Gordon-Oliver, J.), dated September 24, 2024. The order of fact-finding and disposition, after a hearing, found that Charles Bencivengo committed the family offenses of harassment in the second degree and stalking in the fourth degree and directed him to comply with the terms of an order of protection.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
In 2022, the petitioner commenced this proceeding pursuant to Family Court Act article 8 against Charles Bencivengo (hereinafter the appellant). After a hearing, the Family Court determined that the appellant committed the family offenses of harassment in the second degree (Penal Law § 240.26[3]) and stalking in the fourth degree (id. § 120.45[2]). This appeal ensued.
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Wiley v Wiley, 231 AD3d 841, 842 [internal quotation marks omitted]; see Family Ct Act § 832; Matter of Witt v Naprawa, 237 AD3d 1207, 1208). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Mitchell-George v George, 234 AD3d 969, 969 [internal quotation marks omitted]).
Here, a fair preponderance of the evidence adduced at the hearing supports the Family Court's finding that the appellant committed the family offenses of harassment in the second degree and stalking in the fourth degree (see Matter of Golian v Golyan, 242 AD3d 745). The petitioner, who had sole legal and physical custody of the parties' son, testified, among other things, that the appellant installed a tracking device in the son's backpack without her knowledge and despite her telling him not to do so. Contrary to the appellant's contention, the court's finding that the appellant did so for no legitimate purpose but to alarm and seriously annoy the petitioner is [*2]supported by the record. In addition, the petitioner also testified that the appellant followed her, appearing unexpectedly at locations where she and the parties' son were present, despite the issuance of prior orders of protection directing him to refrain from such conduct.
The appellant's remaining contentions are either without merit or not properly before this Court.
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court